UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF CONNECTICUT

ACHYUT M. TOPE,

Plaintiff

v.

EQUITY NOW, INC., U.S. BANK AS TRUSTEE FOR SECURITIZED TRUST CITIGROUP MORTGAGE LOANTRUST 2006-4; CITIGROUP GLOBAL MARKETS REALTY CORP; CITIGROUP MORTGAGE LOAN TRUST, INC.; CITIMORTGAGE, INC.,WELLS FARGO BANK, N.A., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,

Defendants

Civil Action No.: 3:16-cv-02067

FILED
2017 APR 28 PM 3 09
U.S. DISTRICT COURT
NEW HAVEN, CT.

April 27, 2017

**<u>REPLY TO DEFENDANTS MOTION TO DISMISS PER COURT'S PERMISSION</u>**

**<u>PRELIMINARY STATEMENT-PRESENT STATUS IN STATE COURT</u>**

As a preliminary matter, Defendants have a pending motion to open Judgment before the State Court in <u>U.S. Bank et al v. Tope</u> CV 146046029S filed on 4/21/17 in response to Plaintiff's Motion to Dismiss based on lack of Subject Matter Jurisdiction filed on 4/5/17 their reason "to review the Note internally", It's obvious there is something wrong with the Note. Oral argument is set on these motions. The loan is a Freddie Mac/Fannie Mae loan and only their servicer can foreclose on the Note "Plaintiff Wells Fargo submitted a false Affidavit Docket No. 102.0 filed on 4/1/2014 "Affidavit Federal Loss Mitigation Programs ". stating on Form JD-CL-114 asks under oath if this loan is a Freddie Mac Loan, and the servicer apparently for U.S. National Bank, Wells Fargo, checked "NO", ¶ 5 (Affidavit)"with respect to …Freddie Mac, Wells Fargo checked the box that said " The loan is not subject to review …because **<u>the loan is not owned or guaranteed by Fannie Mae of Freddie Mac.</u>** (see Exhibit A -Affidavit

from Wells Fargo VP Loan Documentation Erica Sandoval.). (see Exhibit B-Note). If Wells Fargo saw the Note, they would have seen **written on the bottom of the Note** "Freddie Mac Loan". The clarity is blinding that Wells Fargo never saw the Note. There has been no evidentiary hearing, despite numerous requests from Plaintiff. both Plaintiff and the Court have never seen the original Note. Plaintiff has **not produced the original note**, nor a certified copy. Pursuant to Freddie Mac's regulations, "66.20 Obtaining the Original Note", states "If the original Note is needed to perform the foreclosure, the Servicer must request the Note from the Document Custodian holding the Note by submitting to the Document Custodian a completed Form 1036, Request for Release of Documents. The original note must be produced to Foreclose. Per Connecticut rules "Uniform Procedures for Foreclosure Judgment" Form JD-CV-78 Rev. 7-09. "When submitting documents necessary to obtain a Judgment of Foreclosure to the Court always place them in the following order:" Number five (5) states. **Original note**, copy of the note for the court, mortgage deed, assignments, etc" Also, Only Freddie Mac's servicer is entitled to foreclose on this note. Freddie Mac Regulations 66.17 "Foreclosing in the Servicer's Name".

**111 CONNECTICUT LAW -RES JUDICATA PLEADED AS SPECIAL DEFENSE**

"Courts in Connecticut apply the procedural law of the forum state irrespective of the applicable body of substantive law. Paine Webber Jackson & Curtis, Inc. v. Winters, 22 Conn. App. 640, 650, 579 A.2d 545 (1990)." Messler v. Barnes Group., Inc., No. CV 960560004, 1999 Conn. Super. LEXIS 239, 1999 WL 61034, at 3 (Conn. Super. Feb. 1, 1999) Doe No. 1 v. Knights of Columbus, 930 F. Supp. 2d 337, 352-53 (D. Conn. 2013) In Connecticut, res

judicata should be raised as a special defense and is not a proper ground for a motion to dismiss; Labbe v. Pension Commission, 229 Conn. 801, 816, 643 A.2d 1268 (1994) ("res judicata does not provide the basis for a judgment of dismissal; it is a special defense that is considered after any jurisdictional thresholds are passed");the doctrine of res judicata is not included among the permissible grounds on which to base a motion to dismiss. Practice Book § 10-31. Neither res judicata nor collateral estoppel can be raised properly in a motion to dismiss under Connecticut's rules of practice. 169 Olive Street, LLC v. Sharyn D'Urso et al 2010 Conn. Super. LEXIS 1949

**1V. NO RES JUDICATA OR COLLATERAL ESTOPPEL**

The doctrine of collateral estoppel may only properly be applied **to the facts underlying the judgment**, In re Sloan, 18 B.R. 1021 (Bkrtcy.E.D.N.Y.1982). Four criteria must be met before collateral estoppel effect may be given to factual issues **underlying a prior action:** (1) the issue sought to be precluded must be the same as that involved in the prior action; (2) that issue must have been actuallylitigated;(3) it must have been determined by a valid and final judgment; and (4) the determination must have been essential to the prior judgment. In re McMillan, 579 F.2d 289, 291-292 (3d Cir.1978). All four criteria have to be met. Under Connecticut law. . . For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action.. . . Whenever collateral estoppel is asserted . . . the court must make certain that there was a full and fair opportunity to litigate. The requirement of full and fair litigation ensures fairness, which is a crowning consideration in collateral estoppel cases . . . [I]f the nature of the

hearing carries procedural limitations that would not be present at a later hearing, the party might not have a **full and fair opportunity** to litigate." (Citations omitted; internal quotation marks omitted.) Gateway, Kelso & Co. v. West Hartford No. 1, LLC, 126 Conn.App. 578, 583-84, 15 A.3d 635, cert. denied, 300 Conn. 929, 16 A.3d 703 (2011). Defendants failed to meet their burden that the issue of the Note was never litigated, the issue that Freddie Mac/Fannie Mae's servicer is the ONLY one that can foreclosure on this Note was also never litigated, there was no evidentiary hearing held despite Defendant rebutting US Bank's authority to foreclose because they may not be the servicer for Freddie Mac. In facts, Wells Fargo claims they are the servicer for US National Bank. The issue of who is the proper party to foreclose was not litigated

Plaintiff has not been afforded an evidentiary hearing as well. This being a Freddie Mac/Fannie Mae loan, only their servicer has the authority to foreclose on the Note. Defendants have failed to meet their burden to assert collateral estoppel.

Plaintiff respectfully requests defendants motion to dismiss be denied in its entirety.

Respectfully Submitted,

Achyut M. Tope, Plaintiff Pro Se

## Certification

Dated: April 27, 2017

I hereby certify that this document filed in person at the District Court in New Haven CT, on April 27, 2017 and the registered Defendants will receive copies electronically from the Court. A courtesy copy has been mailed to the District Court in Bridgeport.

Achyut M Tope

Plaintiff Pro Se

Plaintiff's
Docket No. 120
(Note only)

EXHIBIT
A

[redacted] = Redacted Information

MIN: [redacted]

# NOTE

SEPTEMBER 30, 2005 — LONG BEACH — NEW YORK
[Date] [City] [State]

534 HOWARD AVENUE A/K/A 534-536 HOWARD AVENUE, NEW HAVEN, CONNECTICUT 06519
[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 220,500.00 (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is EQUITY NOW INC

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 6.875 %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

### (A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the 1st day of each month beginning on NOVEMBER 1, 2005. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on OCTOBER 1, 2035, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at 1370 AVENUE OF THE AMERICAS, NEW YORK, NEW YORK 10019 or at a different place if required by the Note Holder.

### (B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $ 1,448.53

## 4. BORROWER'S RIGHT TO PREPAY

**See attached prepayment rider.

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit;

and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.000 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep

the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_______________ (Seal)
ACHYUT M. TOPE -Borrower

_______________ (Seal)
GEETA A. JOSHI-TOPE -Borrower

_______________ (Seal)
-Borrower

_______________ (Seal)
-Borrower

_______________ (Seal)
-Borrower

_______________ (Seal)
-Borrower

Pay to the order of

_______________
without recourse.
Equity Now Inc.

By: _______________
Michael L. Moskowitz, President

*[Sign Original Only]*

EXHIBIT

B

**AFFIDAVIT**
**Federal Loss Mitigation Programs**
JD-CL-114 Rev. 3-12

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.ct.gov

**Instructions**
1. *Prepare legibly.*
2. *Submit the original to the clerk of court.*

| Name of Case (Plaintiff v. Defendant) | | Docket Number (if available) |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CITIGROUP MORTGAGE LOAN TRUST INC., MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-4 v. ACHYUT M. TOPE AND GEETA A. JOSHI-TOPE | | |
| Judicial District<br>New Haven | Address of Court (Number, street and town)<br>235 Church St, New Haven, CT 06510 | Return Date (if available) |
| Your Name (Affiant)<br>Erica Marie Sandoval | | |
| Address of property at issue (Number, street, town, state, zip code)<br>534 Howard Avenue, New Haven, CT 06519 | | |

The undersigned, being duly sworn, hereby deposes and says:

1. I am over the age of eighteen years of age and believe in the obligations of an oath:

2. I am the Vice President Loan Documentation (job title) of WELLS FARGO BANK, N.A., DBA America's Servicing Company, servicing agent to U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CITIGROUP MORTGAGE LOAN TRUST INC., MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-4 (Plaintiff or Plaintiff's servicer) and am authorized to sign on behalf of WELLS FARGO BANK, N.A. DBA America's Servicing Company, servicing agent to U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CITIGROUP MORTGAGE LOAN TRUST INC., MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-4 (Plaintiff or Plaintiff's servicer).

3. I am familiar with the business records and procedures of WELLS FARGO BANK, N.A. DBA America's Servicing Company, servicing agent to U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CITIGROUP MORTGAGE LOAN TRUST INC., MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-4 (Plaintiff or Plaintiff's servicer) with respect to the mortgages that it owns and/or services.

4. Based on my review of the business records of WELLS FARGO BANK, N.A. DBA America's Servicing Company, servicing agent to U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CITIGROUP MORTGAGE LOAN TRUST INC., MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-4 (*Plaintiff or Plaintiff's servicer)* and the account of the borrower *(the word "borrower" includes any and all borrowers and mortgagors of the mortgage loan that is the subject of this case)*, I have specific knowledge of the loan secured by the mortgage executed by the Defendant(s) in this case.

5. The loan secured by the mortgage for which plaintiff seeks foreclosure is subject to the following *(check all that apply):*

   ☐ The loan is not owned or guaranteed by a Government Sponsored Enterprise (GSE), is not guaranteed or insured by any federal agency, and is not serviced by a lender participating in the federal Making Home Affordable Program. *(If this box is checked, no further information regarding this paragraph 5, paragraph 6, or paragraph 7 is required. If this box is not checked, the appropriate boxes under subparagraphs 5a, 5b and 5c as well as paragraphs 6 and 7 (if applicable) must be checked.)*

5.a. With respect to the following programs under the federal Making Home Affordable Program (MHA) - the Home Affordable Modification Program (HAMP), the Second Lien Modification Program (2MP), the Home Affordable Foreclosure Alternatives Program (HAFA), and the Home Affordable Unemployment Program (UP), including any of such programs adopted by Fannie Mae and Freddie Mac:

- ☐ **The loan is eligible for review under the above programs and a review is pending at this time.**
- ☒ The loan is not eligible for review under the above programs because *(check all that apply and, if any box is checked, proceed to subparagraph 5b):*
  - ☐ The loan's servicer does not participate in MHA.
  - ☒ The property is not owner-occupied, is vacant, is condemned, and/or has more than four units.
  - ☐ The loan was originated on or after January 1, 2009.
  - ☐ The unpaid principal balance of the loan prior to capitalization of any arrearages, fees, and other costs exceed the applicable limit:
    - $729,750 for 1 unit;
    - $934,200 for 2 units;
    - $1,129,250 for 3 units; or
    - $1,403,400 for 4 units.
  - ☐ The loan's servicer does not have the contractual authority to modify the loan under MHA per investor guidelines.
- ☐ The loan is eligible for review under the above programs but the borrower does not qualify for the following reason(s) *(check all*

*that apply):*

- ☐ Plaintiff or Plaintiff's servicer has made a "Reasonable Effort" to solicit the borrower (as defined under MHA Handbook Chapter II, Section 2.2.1, as amended from time to time) but:
  - ☐ was unable to establish "Right Party Contact" (as defined under MHA Handbook Chapter II, Section 2.2.2, as amended from time to time).
  - ☐ the borrower advised the Plaintiff or the Plaintiff's servicer that the borrower is not interested in participating in any of the above programs.
- ☐ Plaintiff or Plaintiff's servicer has not timely received all documentation necessary to complete a review for loss mitigation, specifically *(check all that apply):*

  - ☐ Proof of current income, specifically__________________________________
  - ☐ Completed IRS Form 4506-T or 4506T-EZ
  - ☐ Dodd-Frank Certification
  - ☐ Request for Modification and Affidavit Form
  - ☐ Other: *(specify)*__________________________________________

  **If none of the above reasons for disqualification are checked, please check all that apply under the following four sub-paragraphs:**

5.a.1. Specific to HAMP:

- ☐ The subject loan is not a first mortgage loan. *(This denial reason applies to HAFA and UP as well).*
- ☐ The total payment on the first mortgage (principal, interest, taxes, insurance, and association fees, if any) is less than 31% of the borrower's monthly gross income. *(This denial reason applies to UP as well, unless the servicer has waived this requirement; with respect to Fannie Mae and Freddie Mac loans only, this denial reason applies to HAFA as well; for non-Fannie Mae and Freddie Mac loans, an additional denial reason must also be selected under HAFA.)*
- ☐ Payment cannot be feasibly reduced to make it equal to 31% of the borrower's monthly gross income without requiring excessive forbearance. *(If selected, denial reason must also be selected under HAFA).*
- ☐ Net Present Value Calculation does not favor modification. *(If selected, denial reason must also be selected under HAFA and UP).*
- ☐ The borrower received a previous modification under HAMP effective __________ *(date)* and failed to comply or defaulted. *(If selected, denial reason must also be selected under HAFA; but this denial reason applies to UP as well).*
- ☐ The borrower received a trial plan modification but failed to make each payment by the end of the month in which it was due. *(If selected, denial reason must also be selected under HAFA; but this denial reason applies to UP as well).*
- ☐ Other *(specify)*________________________________________________

5.a.2. Specific to HAFA *(Complete only if instructed above in sub-paragraph 5.a.1.):*

- ☐ The borrower did not respond to HAFA solicitations.
- ☐ The borrower communicated that the borrower was not interested in pursuing HAFA.
- ☐ The borrower did not return the signed Short Sale Agreement.
- ☐ The borrower did not obtain a contract for sale within the time permitted under the program.
- ☐ Other *(specify)*________________________________________________

5.a.3. Specific to 2MP *(Complete only if this is a second lien):*

- ☐ Corresponding first lien has not been modified under HAMP.
- ☐ 2nd lien has an unpaid balance of less than $5,000.
- ☐ 2nd lien has a pre-modification scheduled monthly payment of less than $100.
- ☐ 2nd lien has already been modified under 2MP.
- ☐ 2nd lien does not require payments until the first lien is paid in full.
- ☐ Insured, guaranteed or held by FHA/VA/Rural Development.
- ☐ Other *(specify)*________________________________________________

5.a.4. Specific to UP:

- ☐ No borrower was unemployed on the date UP was requested.
- ☐ No borrower will receive unemployment benefits in the month of the UP Forebearance Period Effective Date.
- ☐ The borrower's delinquency exceeds 12 months of the borrower's scheduled monthly mortgage payment, and the servicer has not waived this requirement.
- ☐ Other *(specify)*________________________________________________

5.b. With respect to the Federal Housing Administration (FHA), the United States Department of Veterans Affairs (VA), or the United States Department of Agriculture (USDA):

☐ **The loan is subject to one of the above-listed entities' loss mitigation programs and a review is pending at this time.**
☒ The loan is not subject to the above-listed entities' loss mitigation programs because the loan is not guaranteed, owned, or insured by any of the entities. *(If checked, proceed to subparagraph 5.c.)*
☐ The loan is subject to one of the above-listed entities' loss mitigation programs but does not qualify for the following reason(s) *(check all that apply):*
☐ Plaintiff or Plaintiff's servicer has not received any response to solicitations for loss mitigation. *(If this box is checked, no other box under 5.b. needs to checked.)*

☐ Plaintiff or Plaintiff's servicer has not timely received all documentation necessary to complete a review for loss mitigation, specifically: *(If this box is checked, no other box under 5b needs to be checked.)*

*(List all documentation not timely received)* ______________________________

☐ The borrower is showing a deficiency when comparing monthly debt to income. *(If this box is checked, the applicable boxes under FHA-HAMP, or VA-HAMP need to be checked as well.)*
☐ Property is non-owner occupied. *(If this box is checked, no other box under 5.b. needs to be checked.)*
☐ Other *(specify)*______________________________

**Also check all that apply under the following two sub-paragraphs *(unless otherwise instructed above)*:**

5.b.1. Specific to FHA-HAMP:

☐ Payment on the first mortgage is less than 31% of the current gross income.
☐ Payment cannot be feasibly reduced to make it equal to 31% of the borrower's current gross income without exceeding the partial claim limit.
☐ The borrower received a previous modification under FHA-HAMP and failed to comply or defaulted.
☐ Four full payments have not been made on the subject loan.
☐ The first payment due date from loan origination is less than 12 months ago.
☐ Back-end ratio is greater than 55%.
☐ The borrower qualified for a traditional home retention loss mitigation option but failed to sign and return the agreement or defaulted on the same.
☐ Other______________________________

5.b.2. Specific to VA-HAMP:

☐ Payment on the first mortgage is less than 31% of the current gross income.
☐ Payment cannot be feasibly reduced to make it equal to 31% of the borrower's current gross income requiring excessive forbearance.
☐ Servicer has determined that foreclosure would be more advantageous to the VA than modification under VA-HAMP because: *(Specify)*
______________________________
☐ The borrower qualified for a traditional home retention loss mitigation option but failed to sign and return the agreement or defaulted on the same.

☐ Other______________________________

5.c. With respect to the Federal National Mortgage Association (Fannie Mae) or the Federal Home Loan Mortgage Corporation (Freddie Mac):

☐ **The loan is subject to review under one of the above entities' loss mitigation programs and a review is pending at this time.**
☒ The loan is not subject to review under one of the above entities' loss mitigation programs because the loan is not owned or guaranteed by Fannie Mae or Freddie Mac. *(if checked, proceed to paragraph 6)*
☐ The loan is subject to review under one of the above entities' loss mitigation programs but does not qualify for the following reason(s) *(check all that apply):*

**Note: all applicable information pertaining to HAMP and/or HAFA is set forth above in sub-paragraphs 5.a.1. and 5.a.2. and is incorporated by reference into this sub-paragraph as well.**

☐ Plaintiff or Plaintiff's servicer has not received any response to solicitations for loss mitigation.
☐ Plaintiff or Plaintiff's servicer has not timely received all documentation necessary to complete a review for loss

mitigation, specifically:
*(List all documentation not timely received)* ______________________________

☐ Other reasons for non-owner occupied property ______________________________

☐ Other reasons for owner occupied property ______________________________

6. *(Complete if only written denial letter was sent)*. If the borrower has been denied assistance under any of the above referenced foreclosure avoidance programs, the borrower has been notified separately in writing of any denial as detailed above by way of a letter dated __________ *(insert date of letter)*.

**Check Only If Applicable:**

7. ☐ The borrower's time for seeking review of the decision to deny participation in any applicable loss mitigation program has expired; the borrower has no pending applications pursuant to any loss mitigation program listed above; and the borrower is not currently participating in a trial or other temporary period of a loss mitigation program.

| Signature of Affiant | | Address where signed (*Number, street, town, state, zip code*) |
|---|---|---|
| ➤ Erica Marie Sandoval | | 4101 Wiseman Blvd., San Antonio, Texas 78251 |
| Subscribed and sworn to before me on: | Date: September 18, 2013 | Signed *(Notary Public)* Christy Jenkins Christy Jenkins *STATE OF TEXAS COUNTY OF BEXAR* |

Name: Erica Marie Sandoval
Title: Vice President Loan Documentation
Company: Wells Fargo Bank, N.A. DBA America's Servicing Company
Date: September 18, 2013

NOTARY PUBLIC STATE OF TEXAS
CHRISTY JENKINS
My Commission Expires
June 17, 2017