UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ACHYUT TOPE,<br>    Plaintiff,<br><br>v.<br><br>EQUITY NOW, INC., U.S. BANK, AS TRUSTEE FOR SECURITIZED TRUST CITIGROUP MORTGAGE LOAN TRUST 2006-4; CITIGROUP GLOBAL MARKETS REALTY CORPORATION; CITIGROUP MORTGAGE LOAN TRUST, INC.; CITIMORTGAGE, INC., WELLS FARGO BANK, N.A., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,<br>    Defendants. | No. 3:16-cv-2067 (SRU) |

## **Ruling on Motion for Reconsideration**

On November 17, 2016, Achyut Tope file this action, *pro se*, in Connecticut Superior Court. On December 15, 2016, the case was removed, and on May 16, 2017, I held a hearing in which I dismissed a portion of Tope's complaint and remanded the remaining portion to state court. I instructed the Clerk to wait to effect remand because Tope indicated he wished to file a motion for reconsideration of my ruling. On May 22, 2017, the defendants filed a motion for reconsideration, seeking that I reconsider my ruling that Counts 6 and 7, and the portion of Count 1 pertaining to wrongful foreclosure must be remanded to state court for want of subject matter jurisdiction. Tope did not file a motion a motion for reconsideration but did oppose the defendants' motion. I assume the parties' familiarity with the facts.

**I.      Standard of Review**

The standard for granting motions for reconsideration is strict; motions for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Motions for reconsideration will not be granted where the party merely seeks to relitigate an issue that has already been decided. *Id.* The three major grounds for granting a motion for reconsideration in the Second Circuit are: (1) an intervening change of controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or prevent manifest injustice. *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citing 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4478).

The primary function of a motion for reconsideration "is to present the court with an opportunity to correct manifest errors of law or fact or to consider newly discovered evidence." *LoSacco v. City of Middletown*, 822 F. Supp. 870, 876 (D. Conn. 1993), *aff'd*, 33 F.3d 50 (2d Cir. 1994). A court is permitted to reconsider its ruling if such ruling overlooked controlling data or law that, had it been considered, would have altered the court's conclusion. *Shrader*, 70 F.3d at 257.

**II.     Discussion**

The defendants request that I reconsider my ruling remanding certain claims to state court on account of my conclusion that I lack subject matter jurisdiction under the *Rooker-Feldman* doctrine. *See Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005). In support of their request for reconsideration, they cite what they believe to be controlling case law

that I overlooked. Specifically, they argue that my ruling is foreclosed by the Supreme Court's ruling in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005). In *Exxon Mobil*, the Court considered a situation in which there was parallel state and federal litigation at the time the state court entered judgment. *Id.* The Court held that the entry of judgment by the state court, while the two actions were both pending, did not trigger the *Rooker-Feldman* doctrine barring the federal suit. *Id.* What *Exxon Mobil* did not consider is whether the doctrine of *Rooker-Feldman* applies to bar a federal suit seeking review of a state court judgment notwithstanding the fact that the plaintiff in the state court action had moved to reopen that judgment. That is the situation that I considered at the May 16, 2017 hearing, and which I discuss now.

Following the Supreme Court's decision in *Exxon Mobil*, the Second Circuit identified four requirements for the application of *Rooker-Feldman*. *Hoblock*, 422 F.3d at 85 ("First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must complain of injuries caused by a state-court judgment. Third, the plaintiff must invite district court review and rejection of that judgment. Fourth, the state-court judgment must have been rendered before the district court proceedings commenced[.]") (internal quotation marks, footnotes, and alterations omitted). The fourth requirement, known as the "timing requirement," is typically straightforward. *Id.* at 89. It may, however, be complicated to the extent that the federal suit seeks to challenge an interlocutory state judgment. *Id.*

The Second Circuit has not yet addressed whether the *Rooker-Feldman* doctrine permits a federal suit to be filed after the state court enters a judgment but before the state proceedings have been terminated. *See Gallaher v. US Bank Nat'l Ass'n*, 2016 WL 1118239, at *6 (D. Conn. Mar. 22, 2016). Based on the fact that both *Rooker* and *Feldman* related to federal suits filed

3

after the state proceedings ended, it is some courts' view that the *Rooker-Feldman* doctrine does not preclude federal suits filed after a state court judgment but before those proceedings have been terminated. *See In re Haven Eldercare, LLC*, 2012 WL 90179, at *2 (D. Conn. Jan. 10, 2012), *aff'd*, 503 F. App'x 13 (2d Cir. 2012) (collecting cases). Other courts permit such suits, pointing to language in *Exxon Mobil* indicating that the *Rooker-Feldman* doctrine prohibits federal district court review of state-court *judgments*. *See id.* Courts within this District that have raised the issue have been generally inclined to rule on other grounds to avoid reaching the issue. *See id.*, at *3; *see also Gallaher*, 2016 WL 1118239, at *6.

At the May 16, 2017 hearing, I held that the *Rooker-Feldman* doctrine applied notwithstanding the fact that, though a judgment of foreclosure had been rendered, the state court proceedings had not yet been terminated at the time the federal case was initiated. That holding is not contrary to controlling case law. In fact, the very case on which I relied at oral argument ordered a remand under circumstances similar to this case. *See Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 428 (2d Cir. 2014); *see also Omotosho v. Freeman Inv. & Loan*, 136 F. Supp. 3d 235, 242 (D. Conn. 2016) (applying *Rooker-Feldman* doctrine notwithstanding the fact that plaintiff filed subsequent motions to reopen in state action during pendency of the federal action). In *Vossbrinck*, the Court held that the *Rooker-Feldman* doctrine required remand of a federal action that was filed *after* a state court judgment but before the conclusion of those state proceedings. *Vossbrinck*, 773 F.3d at 426 n.1 ("Although the state proceedings continued after entry of the foreclosure judgment, with Vossbrinck filing an appeal and a motion to reopen the judgment, Vossbrinck does not argue that the relevant state judgment was not 'rendered before the district court proceedings commenced' for *Rooker–Feldman* purposes.").

4

In the instant suit, a judgment of strict foreclosure of the property at issue was entered in Connecticut Superior Court, Judicial District of New Haven, on September 26, 2016. Following that judgment, Tope filed the instant suit, which sought, in part, review of that judgment. Because subject matter jurisdiction must be determined at the outset of the case, I must consider whether there was subject matter jurisdiction at the time the federal case was filed. *See Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 329 (2d Cir. 2001). At that time, the state court had issued its final judgment. By filing the instant action, at least with respect to the allegations at issue in this motion for reconsideration, Tope sought review of that state court judgment. Accordingly, that aspect of his complaint is barred by the *Rooker-Feldman* doctrine. The fact that there were subsequent motions to reopen and new judgments entered does not alter my conclusion that, at the time the action was filed, Tope was a state court loser seeking review of a state court judgment.[1]

## III. Conclusion

In sum, defendants have not presented any evidence or controlling case law that would cause me to reconsider my prior decision, nor have they identified manifest injustice in need of correcting. For the foregoing reasons, defendants' motion for reconsideration (doc. # 62) is denied. The Clerk shall effect prompt remand of this case and close the file.

So ordered.

Dated at Bridgeport, Connecticut, this 13th day of July 2017.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge

---

[1] I note that, although new judgments of strict foreclosures continued to be issued throughout the pendency of this action, at no point was there a substantive modification to the initial foreclosure judgment. The new judgments operated, as far as I can tell, solely to extend the period in which Tope has a right to redeem his property.